# CASES

# SUPREME JUDICIAL COURT

# MIDDLE DISTRICT,

## 1852.

## COUNTY OF KENNEBEC.

### STATE *versus* KEEN.
### STATE *versus* HUTCHINSON.

The exceptions in the enacting clause of a penal statute are to be negatived in the indictment.

But it is not requisite that the negation be expressed in the exact words of the statute. Other words, excluding with equal certainty the exceptions of the statute may be employed.

Under the Act of 1851, for the suppression of drinking houses and tippling shops, an indictment, charging that the accused was a common seller of intoxicating liquors, *without any lawful authority, license or permission,* is not invalidated by its omission to charge that he was *not appointed as the agent of any city or town to sell liquors for medicinal and mechanical purposes.*

The liability of such an agent to a revocation of his appointment and to a suit upon his bond, would constitute no protection from the penalty of the eighth section of the Act, if he should wilfully become a common seller.

CASES ON EXCEPTIONS AND ON DEMURRER from the *District Court,* RICE, J.

INDICTMENTS under the Act of June 2, 1851, "for the suppression of drinking houses and tippling shops."

The second section of the Act authorizes the appointment, in each city or town, of some suitable person, as its agent "to sell at some central and convenient place within such town, spirits, wines and other intoxicating liquors, to be used for medicinal and mechanical purposes and no other.

Section third requires such agent to give bond, &c.

Section seventh provides that, on a breach of such bond, the agency shall be revoked and the bond put in suit.

The eighth section provides, that no person shall be allowed to be a common seller of spirituous or intoxicating liquors, without being duly appointed as aforesaid, on pain of forfeiting, &c.

The indictments respectively charged that the defendants on divers days, &c., "*without any lawful authority, license or permission,* did presume to be and were common sellers of spirituous and intoxicating liquors."

*Keen* pleaded that he was not guilty, and the verdict was returned against him. He thereupon moved in arrest of judgment, " because the indictment is insufficient in form and substance, and because it does not allege that he was a common seller, *not duly appointed to sell as agent for the town.*

The motion was overruled, and, the defendants excepted.

*May,* in support of the exceptions.

The indictment is insufficient. Every word of it may be true, and yet no indictable offence committed. There may be two classes of common sellers; 1st, persons who have no authority to sell liquor in any form or for any purpose; 2d, an agent of the town may violate his obligations and make himself a common seller.

For such a case, the statute has provided an appropriate remedy. His agency is to be revoked and his bond sued. But no indictment can lie against him.

It cannot be doubted that in thus becoming a common seller he acts "*without any lawful authority, license or permission.*" For his appointment to *sell for medicinal and mechanical purposes only* would not be a "lawful authority, license or permission" to make himself a *common seller.* And

yet by becoming such common seller, though he might be liable on his bond and removable from office, he would not be indictable.

Now, so far as appears by the indictment, the defendant may have been of that class. He may have been an agent duly appointed to sell, and therefore, unindictable. The indictment no where negatives this supposition. The defendant therefore, though a common seller, and though the allegations of the indictment may all be true, may have committed no indictable offence. —

Otherwise, such an agent thus becoming a common seller, would be liable to be twice punished ; viz, by a judgment against him on his bond, and by the penalties of the eighth section.

*Vose,* County Attorney, for the State.

To the indictment against *Hutchinson,* there was a general demurrer, which was joined.

*Bean,* in support of the demurrer.

1. The indictment is defective, because it contains no averment, that the defendant was not appointed as the agent of any town or city in this State to sell intoxicating liquors, to be used for medicinal and mechanical purposes in accordance with the statute of 1851.

2. When an offence is created by statute, and there is an exception in the enacting clause, or, in the same clause which creates the offence, the indictment must show *negatively* that the defendant, or the subject of the indictment, does not come within the exception. *Rex* v. *Mayor, &c. of Liverpool,* 3 East, 86 ; 1 Chitty on Crim. Laws, 284 ; 3 Chitty on Crim. Laws, 671 ; Archbold's Pleading, 52 ; *Williams* v. *Hingham Turnpike Corp.* 4 Pick. 431 ; *Commonwealth* v. *Maxwell,* 2 Pick. 169 ; *Little* v. *Thompson,* 2 Maine, 228 ; *Smith* v. *Moore,* 6 Maine, 274 ; *State* v. *Godfrey,* 24 Maine, 232 ; *Commonwealth* v. *Tuck,* 20 Pick. 362 ; *Commonwealth* v. *Odlin,* 23 Pick. 275.

3. It is well settled that, if all the allegations in an indictment may be true, and yet constitute no offence, the indictment is insufficient.

All the facts alleged against the defendant in this indictment may be true, and still he may not be guilty of any indictable offence, and for this reason the indictment is insufficient. *State* v. *Godfrey*, 24 Maine, 232; *Commonwealth* v. *Odlin*, 23 Pick. 275; 2 Hale's P. C. 167; *State* v. *Hewett*, 31 Maine, 396; *State* v. *Philbrick*, 31 Maine, 401.

*Vose*, County Attorney, for the State.

APPLETON, J. — No rule of criminal pleading is better established, than that, when the enacting clause describes the offence with certain exceptions, it is necessary to state all the circumstances which constitute the offence, and to negative all the exceptions. If the allegations in the indictment may be true, and yet constitute no offence, it must necessarily be deemed insufficient. The counsel for the defendants have invoked these principles in aid of the defence, and if, on examination they shall be found applicable, the result which they seek to attain must inevitably ensue.

While all the exceptions in the enacting clause are required to be negatived, it is immaterial what precise words are used, if they clearly and explicitly accomplish that purpose. There is no necessity that the exact words of the statute should be adopted. Other language of the same legal import, excluding with equal certainty the exceptions of the statute, may be employed. The substantial meaning, not mere verbal identity, should be regarded.

In *Spiers* v. *Parker*, 1 D. & E. 141, which was an action of debt on a penal statute, and where the same principles as in indictments apply, BULLER, J., says, "nothing is to be presumed, but what is expressly stated in the declaration, or what is necessarily implied from the facts which are stated. I know of no decision against this rule." In *Williams* v. *Hingham Turnpike*, 4 Pick. 346, PARKER, C. J., says, "it cannot be presumed that facts not stated have been proved, unless they are of a nature to be necessarily inferred from those which are alleged." "In civil or penal actions enough must be stated in the declaration or must necessarily be inferred from what is stated, to show a perfect right of action."

Whatever is necessarily inferrable, is in fact stated, else there would be no ground for such necessary inference ; and whatever is thus stated, the Court cannot disregard.   No greater absurdity can be conceived, than when an offence is fully and clearly set forth, to discharge the guilty, because the precise words, adopted by the draftsman of the statute, had not been inserted in the indictment.   It would be to ascribe the same sacredness to the words of a statute, which the Roman jurisconsults ascribed to verbal formulas and to corporeal symbols.   In *United States* v. *Bachelder*, 2 Gal. 18, STORY, J. says, " it is not in general necessary, in an indictment for a statutory offence to follow the exact wording of the statute.   It is sufficient if the offence be set forth with substantial accuracy and certainty to a reasonable intendment.   The cases cited from the common law, where a different rule is supposed to prevail, do not apply.   In these cases, the very technical words used are those only, which constitute the specific offence.   The law allows no other because no other words are exactly descriptive of the offence.

In *State* v. *Little*, 1 Verm. 534, Hutchinson, J., refering to the indictment, says :   " It does not attempt to charge the defendant in the words of the statute.   Nor was that necessary, if other equivalent words were used.   That technical notion of construing language used in criminal proceedings, which would exclude every common and reasonable intendment, seems in modern instances to have been exploded."   The same principles received the sanction of the Court in *People* v. *Rynders*, 12 Wend. 425.   In *Commonwealth* v. *Odlin*, 23 Pick. 275, the defendant was indicted for selling spirituous liquors in less quantities than fifteen gallons.   The objection taken was, that the indictment did not sufficiently negative that quantity.   In reference to that, the Court remark, " we do not consider that any particular form of words must be adopted, but some words must be used, which convey the idea of a sale under fifteen gallons,

The Court therefore are to look at the language of the indictment to ascertain whether it excludes the possibility of the defendants' having been duly appointed to sell, for if not thus appointed, as that is the only defence, the verdict must stand.

The indictment charges that each of the defendants " without *any lawful* authority, license or permission, did presume to be and was a common seller of spirituous and intoxicating liquors," &c. The words " without being duly appointed," therefore, are not to be found in the indictment. The question therefore is whether this language excludes the case of an appointment, for if not, judgment must be arrested. No provision is made for granting a license by this statute. As the law now is, none can be granted. The only authority under which a legal sale can be made, is by virtue of § 2. Now the agent appointed under that section, and he alone, would have "lawful authority." No other person can have " lawful authority" to sell. The existence of lawful authority is denied. The existence of a due appointment, the only mode of conferring lawful authority is equally negatived. The proof of an appointment would disprove the allegation in the indictment, would establish legal authority and protect the defendant, *if the sales were within the appointment.*

It is insisted in the defence, *that* by a just construction of the statute no one who has been appointed agent, though he may have knowingly and intentionally violated its provisions and sold for other than medicinal and mechanical purposes, can be indicted and punished as a common seller; — *that* in such case he is only liable to a suit on his bond and to a revocation of his authority; — *that* if he were punishable criminally, he would suffer twice for the same offence; and *that* therefore the appointment must be negatived by express words in the indictment.

To decide this satisfactorily, it will be necessary to examine different sections of the statute for the purpose of gathering therefrom the real intentions of the legislature. The first section prohibits the sale of any spirituous or intox-

icating liquors or any mixed liquors a part of which is spirituous or intoxicating, except as hereinafter provided. The only provision for selling is to be found in section second, which provides for the appointment of "some suitable person as the agent of said town or city, to sell, at some central and convenient place within said town or city, wines or other intoxicating liquors to be used for medicinal and mechanical purposes and no other; and said agent shall receive such compensation for his services as the board appointing him shall prescribe," &c. The agent thus appointed, previous to receiving his certificate of appointment, is required to give bond to conform in all respects with the provisions of the law relating to the business for which he is appointed. For any violation of this contract, and for that alone, the individual appointed would be civilly responsible in damages. It presents the ordinary case of a contract to do or to refrain from doing certain specified acts and nothing more.

The argument of the counsel for the defendants assumes that it was the intention of the legislature, that no one thus appointed should be criminally punished, however numerous and intentional may be his violations of the statute. The appointment is required to be of some suitable person. It reposes trust, it implies confidence in the integrity of the person thus appointed. The violating the trust, the forfeiting the confidence thus reposed, furnish no reasons for exemption from the inflictions of penal law. The statute is violated if the individual appointed knowingly sells without the authority given and in violation of his bond, equally as if he had never received any appointment. What the law prohibits is done in either case, and little reason is perceived why the offender should be exonerated from its penalties, because to the violation of its provisions he has superadded the aggravation of a breach of implied faith as well as of contractual obligation.

It is said that in this way he will be twice punished for the same offence. But it is not so. In a suit on the bond, the extent of liability will be such damages as the jury under

proper directions from the Court may assess for a breach of the conditions of the bond. No penalty for an offence created by statute will have been imposed. If then an indictment cannot be sustained, or an action of debt for a penalty be maintained, the deliberate and intentional violations of law will escape all punishment. An individual enters into a recognizance to keep the peace as to all the good citizens of the State, but particularly as to A B, and after giving such recognizance commits a breach of the peace by making an assault upon him. He is liable on his recognizance, he is responsible to the person assaulted in damages, but he is none the less liable to indictment. The cashier of a bank gives bonds for the faithful performance of his duties, and embezzles its funds. Would it be any defence to criminal proceedings, that he might be liable for a breach of his civil contract? Civil and criminal proceedings are separate and distinct, and in no instance can a civil liability be set up as a bar to criminal process. In some cases the civil remedy remains in abeyance till after the termination of the criminal prosecution, if one has been commenced, and if such prosecution is not commenced, the civil injury is by the common law, deemed forever merged in the public offence. In no case is the precedence given to the rights of individuals over those of the public, — and there is nothing in this statute which indicates an intention on the part of the legislature to be indulgent to offenders, still less to those, who, on every principle of morality, must be deemed as especially deserving of punishment.

Sales for medicinal and mechanical purposes by one not appointed an agent, would constitute the person selling a common seller, and render him liable for the statute penalty. The second section provides for the appointment of an agent, by whom alone sales can be made, and exempts him from the penalty which would otherwise accrue. The words in § 8, "without being duly appointed as aforesaid," do not refer to a manufacturer of spirituous or intoxicating liquors, for no provision authorizes or permits their manufacture. They do not refer to a common seller, for the agent appointed is

peremptorily inhibited from being one. For what purpose then, are these words inserted? Undoubtedly to protect the limited sale for medicinal and mechanical purposes, which the agent under § 2, is authorized to make. The exemption from punishment is only coëxtensive with the authority conferred, and is limited by it. As the appointment is to sell for medicinal and mechanical purposes and none other, so those only are to be exempted from the penalty, attached to a violation of the statute, who act within their appointment. Any other construction would involve the absurdity that the same section which imposes the penalty, absolves from all liability those whose violation of its prohibition is most without excuse. No one is or can be "duly appointed" a manufacturer or common seller in its more general sense, and no one in either case is protected as such. If his appointment be under the statute and he sells under it, his sales are by "lawful authority," and his defence would be established. All other sales would be against the spirit and object of the law, and when knowingly and intentionally made in disregard of its provisions, no reason can be perceived why the penalties attached to its violation should not be imposed. The law presumes good faith and integrity on the part of an agent in all sales made by him, but if the presumptions of law are overcome, if the jury are satisfied that he has designedly and intentionally disregarded the provisions of the statute, it would be a reproach to its administration if the guilty were to escape its penalties. The authority to do a lawful, can be no justification for the intentional performance of an unlawful act. In *State* v. *Hutchinson* the indictment is adjudged good. In *State* v. *Keen* the exceptions are overruled, and judgment is to be rendered on the verdict.

SHEPLEY, C. J., TENNEY and HOWARD, J. J. concurred.