### THE STATE OF KANSAS v. JOSEPH HOLLON.

INFORMATION, *Defective, and Rightfully Quashed.* An information gave a copy of an order and judgment sentencing the defendant, J. H., to be imprisoned in the penitentiary, and then stated that while the defendant was "in the lawful custody of the sheriff," "under and by virtue of the order and judgment aforesaid, *as entered of record,*" "and while going to the place of confinement aforesaid, to wit, to the penitentiary of the state of Kansas," "under and by virtue of said order and judgment aforesaid, the said Joseph Hollon did, at Marion Centre," "then and there feloniously break such custody of the sheriff," "and did then and there escape therefrom;" but said information did not state or show that the sheriff had, at the time of said alleged escape, or at any other time, a certified copy of the said sentence, as is required under § 256 of the criminal code (Gen. Stat., p. 861), or that he had any other paper under which or by which to hold the said defendant in custody. The court below quashed said information. *Held,* That said information was defective, and rightfully quashed.

#### *Appeal from Lyon District Court.*

CRIMINAL prosecution for an escape. On the 19th day of October, 1878, there was filed in the district court of Marion county an amended information, in words and figures as follows:

(*Court, and Title.*) "In the name and by the authority of the state of Kansas, I, C. Reed, county attorney in and for the county of Marion, in said state of Kansas, duly elected and qualified as such according to law, now here in open court information give, that one Joseph Hollon, late of Centre township, in the county of Marion, in the state of Kansas aforesaid, was, on or about the 25th day of September, A. D. 1874, in the district court of Marion county, in said state, upon information duly filed as in such cases made and provided by law, convicted of the crime of perjury, and duly sentenced therefor to the penitentiary of the state of Kansas for the period of three years, at hard labor, from the 19th day of September, A. D. 1874; that thereafter, to wit, at the September Term, 1874, of said court, by order of the court, the following judgment and order were made and entered upon the records of the district court in and for Marion county, Kansas:

(*Court, and Title.*) "And now comes the defendant in person, and by Kollock and Searles, his attorneys, and moves the court to grant a new trial in the above-entitled cause, which said motion being heard and duly considered by the court, is overruled, to which ruling of the said court the defendant duly excepted; whereupon, the defendant being asked by the court if he had any legal reason to give why the sentence of the law should not be passed upon him, then and there gave none. And thereupon, it appearing to the court that the prosecution in this case was commenced on the — day of June, 1874, it is considered and adjudged by the court, and sentence given, that the said Joseph Hollon be imprisoned at hard labor in the penitentiary of the state of Kansas for the period of three years from the 19th day of September, A. D. 1874, for his said crime of perjury; and that the sheriff of Marion county take and safely convey the said Joseph Hollon to the penitentiary of the state of Kansas, at the city of Leavenworth, and there deliver the said Joseph Hollon into the custody of the warden thereof. And it is further considered and adjudged by the court, that the said Joseph Hollon pay all the costs of this prosecution, taxed at $344.60, and hereof let execution issue; and the said defendant is given until the adjourned term of this court, on the — day of ——, 1874, to make up his bill of exceptions.

"That after the conviction of the said Joseph Hollon for said criminal offense, and after sentence as aforesaid, and after the entry of said sentence of conviction as aforesaid, upon the records of said district court in and for Marion county, Kansas, and while in the lawful custody of the sheriff of Marion county, Kansas, the custodian of criminals therein, under and by virtue of the order and judgment aforesaid, as entered of record upon such conviction and sentence aforesaid, and while going to the place of confinement aforesaid, to wit, to the penitentiary of the state of Kansas, at the city of Leavenworth, Kansas, under and by virtue of said order and judgment aforesaid, the said Joseph Hollon did, at Marion Centre, in said Marion county, Kansas, on or about the 26th day of September, A. D. 1874, then and there feloniously break such custody of said sheriff of said county and state of Kansas, and did then and there escape therefrom. And the said county attorney further information gives, that subsequent to the aforesaid breaking of custody from the said sheriff of Marion county, and escape therefrom, by the said Joseph Hollon, and to the time of filing the information herein by the said county attorney, the said Joseph Hollon, defendant herein, has been absent from the state of Kansas, and has so concealed himself that process of law could not be served upon him, the said Joseph Hollon, prior to the filing of the information herein.

"C. REED, *Co. Att'y of Marion Co., Kas.*"

This information was duly verified. It was drawn under

§179 of the crimes-and-punishments act (Gen. Stat., p. 356), which section reads as follows:

"If any person confined in a place of confinement for any term less than for life, or in lawful custody, going to the place of confinement, shall break such prison or custody and escape therefrom, he shall, upon conviction, be punished by confinement and hard labor for a term not exceeding five years, to commence at the expiration of the original term of imprisonment."

Section 256 of the code of criminal procedure (Gen. Stat. 861) reads as follows:

"Where any convict shall be sentenced to any punishment, the clerk of the court in which the sentence was passed shall forthwith deliver a certified copy thereof to the sheriff of the county, who shall, without delay, either in person or by a general or usual deputy, cause such convict to receive the punishment to which he was sentenced."

The case was transferred from Marion county to Lyon county for trial. There the defendant moved the court to quash the information, "for the reason that no offense is charged in said information against the laws of the state of Kansas," and the court sustained the motion, and discharged the defendant. The state duly excepted, and then brought the case to this court on appeal.

*C. Reed,* for The State, appellant.

The opinion of the court was delivered by

VALENTINE, J.: This is an appeal by the state of Kansas from an order of the court below quashing a criminal information, charging the defendant with committing an escape from the custody of the sheriff of Marion county while being taken to the penitentiary, under a sentence to be imprisoned therein for the period of three years, for the crime of perjury. The defendant has made no appearance in this court, and therefore we are at a loss to know upon what specific ground or grounds the court below quashed the said information. Probably it was upon the ground that the information did

not in terms allege that the sheriff had a duly-certified copy of said sentence in his possession when the defendant made the escape. (Gen. Stat., p. 861, § 256.) This we think is the strongest ground upon which to place the order of the court quashing the information. But even in this respect the counsel for the state claims that the information was not fatally defective. It gave a copy of the order and judgment sentencing the defendant to be imprisoned in the penitentiary as aforesaid, and then states that while the defendant was "in the lawful custody of the sheriff," "under and by virtue of the order and judgment aforesaid as entered of record," "and while going to the place of confinement aforesaid, to wit, to the penitentiary of the state of Kansas," "under and by virtue of said order and judgment aforesaid, the said Joseph Hollon did, at Marion Centre," "then and there feloniously break such custody of the sheriff," "and did then and there escape therefrom." The counsel for the state seems to claim that the fact that the sheriff had a copy of the sentence, although a necessary fact, is nevertheless such a minor and subordinate fact that it need not be set out in the information in any great detail, or with any great particularity or definiteness, and therefore that the allegations contained in the information tending to allege this fact are sufficient. He seems to claim that the allegations that the defendant, "while in the *lawful custody* of the sheriff," "under and by authority of the order and judgment" containing the sentence, "and while going to the place of confinement," "under and by virtue of said order and judgment," escaped, are equivalent to allegations that the sheriff had all the necessary authority and papers, including a duly-certified copy of the sentence with which and by which to hold the defendant in custody. We are inclined to agree with counsel for the state, that the fact of the sheriff having a certified copy of the sentence is such a minor and subordinate fact that it need not be set out in the information with any great degree of fullness. In fact, we think that if it were set out in any form, even in the most general

terms, it would be sufficient. But we think it should be set out in some form. See, upon a kindred question, *State v. Beebe*, 13 Kas. 589, 595. Now we do not think that this fact is set out in any form in the present information. Of course, the information says the defendant was in "lawful custody." But in "lawful custody" how? This is merely a conclusion of law from the matters and things afterward alleged in the information. The defendant was in the "lawful custody of the sheriff of Marion county, Kansas," [because as it would seem the sheriff was generally] "the custodian of criminals therein," [and because he was in custody] "under and by virtue of the order and judgment aforesaid." But he was not in custody under a duly-certified copy of such judgment and order then in the hands of the sheriff, but he was in custody "under and by virtue of the order and judgment aforesaid, *as entered of record* upon such conviction and sentence aforesaid." In other words, the "lawful custody" mentioned in the information is shown to have been founded upon nothing but the general authority given by law to sheriffs with proper papers to hold criminals in custody, and the judgment as rendered against the defendant on the records of the district court. It would seem that the sheriff did not have any paper of any kind with which or by which to hold the defendant in custody. Therefore the said supposed "lawful custody" was not lawful custody at all, and the defendant did not commit the crime intended to be charged by escaping therefrom.

The order and judgment of the court below quashing the information will be affirmed.

All the Justices concurring.