## STATE *vs.* EROLD E. HOSMER.

Knox.    Opinion May 17, 1889.

*Indictment. Insurance. Agent without license. Pleadings. R. S., c. 49,
§ 73, Stat. 1887, c. 109.*

An indictment founded on R. S., c. 49, § 73, as amended by act of 1887, c. 109, relating to soliciting insurance without a license, which does not allege that the defendant solicited applications as agent of the insurance company, named, nor allege the name of any person of whom an application was solicited, will be adjudged bad on demurrer.

ON EXCEPTIONS, by defendant, to overruling a demurrer to an indictment for unlawfully soliciting insurance risks.

The indictment, containing two counts, was as follows:—

*First count.* At the supreme judicial court, begun and holden at Rockland, within and for the county of Knox, on the second Tuesday of March in the year of our Lord one thousand eight hundred and eighty-eight.

The jurors for said state upon their oath present, that Erold E. Hosmer of Camden, in said county, at Camden in said county of Knox, on the thirtieth day of December, in the year of our Lord one thousand eight hundred and eighty-seven, did solicit applications for insurance to a certain insurance company, called the Manufacturers' Accident Indemnity Company of the United States, without having first received license therefor as provided by law, against the peace of said state and contrary to the form of the statute in such case made and provided.

*Second count.* And the jurors aforesaid, upon their oaths aforesaid further present that said Erold E. Hosmer, at said Camden, on the thirtieth day of December, in the year of our Lord one thousand eight hundred and eighty-seven, did fraudulently assume to be an agent of a certain insurance company called the Manufacturers' Accident Indemnity Company of the United States, and thus procured risks and received money for premiums, against the peace of said state, and contrary to the form of the statute in such case made and provided.

*J. H. Montgomery,* for defendant.

The first count, charging defendant, "did solicit applications of insurance, etc," not sufficient. Statute does not intend forbidding friends or creditors urging their friends or debtors from insuring their lives or property.

It is not sufficient to charge an offense in the words of the statute. *Com.* v. *Bartlett,* 108 Mass. 302; *Com.* v. *Bean,* 11 Cush. 414; *Com.* v. *Wolcott,* 10 Cush. 61, 63; *Com.* v. *Bean,* 14 Gray, 52. Statute must mean soliciting as agent of some insurance company; and indictment must so charge. *State* v. *Higgins,* 53 Vt. 191; *State* v. *Jones,* 33 Vt. 443; *State* v. *Cook,* 38 Vt. 437; *State* v. *Daley,* 41 Vt. 564; *State* v. *Miller,* 60 Vt. 90; *U. S.* v. *Cruikshank,* 92 U. S. 542; *U. S.* v. *Simmons,* 96 U. S. 360.

Description of means used should have been stated in the indictment. *State* v. *Roberts,* 34 Maine, 320.

Second count open to same objection. Neither count charges that any person was defrauded. It does not appear to whom he assumed to be an agent, or solicited risks and money for premiums. No person is named. The state must know and should have

named the person in the indictment. *State* v. *Lashus*, 79 Maine, 541.

All the material facts should be alleged (*State* v. *Philbrick*, 31 Maine, 401); the acts done in assuming to act as agent; kind of agent and such as contemplated by the law; that there was such a company; the persons to whom the assumptions were made; that they were insurance risks, and money received for insurance premiums.

Each act being subject to fine and punishment, the number of risks solicited and procured should be alleged, if not stated in separate indictment. *Com.* v. *Hall*, 15 Mass. 240.

*J. H. H. Hewett*, county attorney for the state.

LIBBEY, J. This indictment is based upon § 73, of c. 49, of the R. S., as amended by act of 1887, c. 109. It provides that "no person shall act as an agent of an insurance company until there has been filed with the commissioner a duplicate power of attorney from the company or its authorized agent, empowering him to act, or a certificate from the company setting forth that such person has been duly appointed and authorized as an agent thereof. Upon filing such power or certificate, the commissioner shall issue a license to him, if the company is a domestic company, or has received a license to do an insurance business in this state. * * * And if any person solicits, receives, or forwards any risk or application for insurance to any company, without first receiving such license, or fraudulently assumes to be an agent, and thus procures risks and receives money for premiums, he shall be punished" as provided therein.

The first count in the indictment charges that the defendant, "at Camden, in said county of Knox, on the thirtieth day of December, in the year of our Lord one thousand eight hundred and eighty-seven, did solicit applications for insurance to a certain insurance company called the Manufacturers' Accident Indemnity Company, of the United States, without having first received license therefor as provided by law."

It is claimed in behalf of the state that this count is in the language of the statute and sufficiently charges the offense. But

the charge in an indictment in the language of a statute creating the offense, is not necessarily sufficient. *State* v. *Lashus*, 79 Maine, 541. In that case the court say: "The law affords to the respondent in a criminal prosecution such a reasonably particular statement of all the essential elements, which constitute the intended offense, as shall apprise him of the criminal act charged; and to the end, also, that if he again be prosecuted for the same offense he may plead the former conviction, or acquittal in bar."

The offense created by the statute consists in acting as an agent for any insurance company in soliciting, receiving or forwarding any risk, or application for insurance, to the company without a license therefor. Under the terms of the statute, one can be licensed only to act as agent for some particular insurance company, after furnishing the required evidence of his appointment as such agent. The offense consists in acting as such agent without first complying with the statute and receiving a license to act as such agent. In this count, there is no allegation that the defendant in soliciting the applications for insurance, as set forth, acted or claimed to act as agent for the insurance company named.

Section 74, of c. 49, provides, that "any person may be licensed by the commissioner as a broker to negotiate contracts of insurance, and to effect insurance for others than himself for a compensation, and by virtue of such license he may place risks or effect insurance with any company of this state, or with the agents of any foreign company who have been licensed to do business in this state." For aught that appears in the indictment, the defendant may have been a licensed insurance broker under the provisions of this statute, or the president or secretary of the company, having as such, full authority to solicit risks for the insurance company named. Hence the necessity that the indictment should allege the capacity in which the defendant acted or assumed to act.

Again, to render the charge of the offense reasonably specific, the indictment should allege the name of the person from whom the risk was solicited, so that the defendant may know the act charged against him, that he may be able to prepare his defense. There is no such allegation in this count.

The second count charges that the defendant "did fraudulently assume to be an agent of a certain insurance company called the Manufacturers' Accident Indemnity Company of the United States, and thus procured risks and received money for premiums." In this count there is no allegation of the person or persons from whom the risks were procured and the money received. Nor is there any allegation that the risks were procured and the money received for insurance in any particular company. For the reasons stated, we think both counts in the indictment bad.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.

*Indictment. Insurance. Agent without license. Pleadings. R. S., c. 49,*
*§ 73, Stat. 1887, c. 109.*