JOSEPH GALEO, Plaintiff in Error, *vs.* STATE OF MAINE.

York.    Opinion January 28, 1911.

*Indictment. Averments. Intent. Criminal Law. Plea of Guilty. Effect. Writ of Error. Revised Statutes, chapter 119, section 5.*

1. When a particular intent is made by statute a part of the definition of an offense, that intent must be alleged in the indictment and proved, or confessed, to warrant a conviction and sentence under the statute.

2. To authorize a sentence of imprisonment in the state prison under Revised Statutes, chapter 119, section 5, for placing obstructions on a railroad track, it must be alleged in the indictment and proved, or confessed, that the obstructions were placed on the track " with the intent that any person or property passing on the same should thereby be injured," that intent being specified in the statute as a part of the definition of the offense.

3. A plea of guilty to an indictment for placing the obstruction on a railroad track, not containing any allegation of the specific intent named in the statute, is not a confession of such intent, and does not authorize a sentence of imprisonment in the state prison.

4. A respondent after plea of guilty and sentence may raise the question of the legality of the sentence by writ of error.

5. It appearing in this case that the plaintiff in error was unlawfully sentenced to the state prison and was committed in execution of sentence and has suffered all the punishment that could have been lawfully imposed upon him, if any, the judgment and sentence must be reversed and the plaintiff in error discharged from the imprisonment to go without day.

On report.    Plaintiff discharged from imprisonment.

At the May term, 1908, Supreme Judicial Court, York County, the grand jury returned an indictment against the plaintiff of the following tenor : "The Grand Jurors for said State upon their oath present that Joseph Galeo of Wells in the County of York, laborer, on the eighteenth day of April, in the year of our Lord one thousand nine hundred and eight, at York, in said County of York, with

force and arms did wilfully, maliciously and feloniously place upon the track of the Atlantic Shore Line Railway Railroad, seven large stones, to the obstruction of said railroad track, whereby the lives of many and sundry persons traveling on said railroad, whose names are to the jurors unknown, were then and there endangered, against the peace of said State, and contrary to the form of the statute in such case made and provided." To this indictment the plaintiff pleaded guilty, and he was sentenced to imprisonment in state prison for the term of eleven years. The State claimed the necessary authority for this sentence under Revised Statutes, chapter 119, section 5, which reads as follows : "Sec. 5. Whoever wilfully and maliciously displaces a switch or rail, disturbs, injures or destroys any part of an engine, car, signal, track or bridge of any railroad, or places an obstruction thereon with intent that any person or property passing on the same should be thereby injured, and human life is thereby destroyed, is guilty of murder and shall be punished accordingly. If human life is thereby endangered and not destroyed, or if property is injured, he shall be punished by imprisonment for not less than ten years."

Revised Statutes, chapter 104, sections 11 and 12, provide as follows :

"Sec. 11. No writ of error upon a judgment for an offense punishable by imprisonment for life shall issue, unless allowed by one of the justices of the supreme judicial court, after notice to the attorney general or other attorney for the state.

"Sec. 12. Writs of error shall issue of course upon all other judgments in criminal cases, but not to stay or delay execution of sentence or judgment, unless allowed by a justice of the supreme judicial court, with an express order to stay all proceedings thereon ; and in that case the justice may make such order as the case requires, for the custody of the plaintiff in error or for letting him to bail ; or, upon a writ of habeas corpus, if entitled thereto, he may procure his enlargement by giving bail."

July 30, 1910, the plaintiff brought a writ of error to reverse or annul the aforesaid sentence, and which said writ is in form and tenor as follows :

"STATE OF MAINE.

(L. S.)

York, ss.

To the Sheriffs of Our Respective Counties or Either of Their Deputies,

GREETING :

We command you that you make known unto the State of Maine, that it may appear if it see cause before our Supreme Judicial Court to be holden at Alfred within and for our said County of York on the third Tuesday of September, 1910, to answer to Joseph Galeo of Wells in said county in a plea of error, wherein the said Galeo alleges that in the indictment, proceeding and judgment had before the Supreme Judicial Court within and for said county at the term thereof held at Alfred on the first Tuesday of May, 1908, wherein the State of Maine proceeded by indictment against said Joseph Galeo, and in which judgment was rendered against said Galeo and in behalf of said State as follows, to wit : Said Galeo was adjudged guilty upon his plea of guilty, and was considered and ordered by the court that said Galeo be punished by imprisonment for the term of eleven years at hard labor in the state prison ; there occurred the errors hereinafter specified by which the present plaintiff was injured and for which he therefore seeks that said judgment and sentence may be reversed, recalled or corrected, as law and justice may require, that is to say the following errors :

First : That if said indictment is founded upon the provisions of section twenty-eight of chapter fifty-three of the Revised Statutes the sentence of said court is for a longer term of imprisonment than is authorized by said statute.

Second : That if said indictment is founded upon the provisions of section five of chapter one hundred and nineteen of the Revised Statutes,

(a) It contains no allegation of an intent on the part of said Joseph Galeo that any person or property passing on the Atlantic Shore Line Railway Railroad should be injured ;

(b) It contains no allegation of any specific intent on the part of said Joseph Galeo whatsoever ;

(c)     That said Atlantic Shore Line Railway Railroad is not therein alleged to be a railroad and is not in fact a railroad within the meaning of that term as used in said statute, but is a street railroad, to which said statute is not applicable.

And hereof fail not.     And have you there this writ, with your doings therein.

Witness, Lucilius A. Emery, Chief Justice of our said court, at Augusta, this thirtieth day of July, in the year of our Lord one thousand nine hundred and ten.

C. W. Jones, Clerk."

On this writ the following order was made :

"State of Maine.

Sup. Jud. Court in Vacation,<br>August 4, 1910.

Upon the within writ it is hereby ordered that notice thereof be given to the State of Maine by giving in hand to the Attorney General of said State an attested copy of said writ and of this order thereon at least thirty days prior to the third Tuesday of September 1910, in order that said state may appear at the term of the Supreme Judicial Court then to be held at Alfred in the County of York and answer unto said process if it see fit.

Dated this 4th day of August, 1910.

Leslie C. Cornish,<br>Justice S. J. C."

Service of the writ was made on the Attorney General, in accordance with this order, by a deputy sheriff.

After the entry of the writ, the following pleadings were filed by the State :

"STATE OF MAINE.

York, ss.                          Supreme Judicial Court.
                                   September Term, 1910.

JOSEPH GALEO, Plaintiff in Error,

vs.

STATE OF MAINE.

And hereupon, afterwards, to wit, on the first day of said term the said State of Maine freely comes here into court and says : that there is no error either in the record and proceedings aforesaid or in giving the judgment aforesaid ; and the said state prays that this Honorable Court may proceed to examine, as well the record and proceedings aforesaid, as the matters aforesaid above assigned for error, and that the judgment aforesaid, in form aforesaid given, may in all things be affirmed.

STATE OF MAINE.

By

WARREN C. PHILBROOK.

Its Attorney General."

When the cause came on for hearing an agreed statement of facts was filed and the case was reported to the Law Court for determination. Among other things, it was "agreed that the Atlantic Shore Line Railway mentioned in the indictment was on the eighteenth day of April A. D. 1908, operating by electricity as a motive power and not by steam as a motive power, and that said Railway Company was incorporated under the provisions of Chapter 53 of the Revised Statutes."

The case is stated in the opinion.

*Williamson & Burleigh*, for plaintiff.

*Warren C. Philbrook*, Attorney General, for the State.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, BIRD, JJ.

EMERY, C. J. The plaintiff in error pleaded guilty to an indictment charging that he "did wilfully, maliciously and feloniously place upon the track of the Atlantic Shore Line Railway Railroad

seven large stones to the obstruction of said railroad track, whereby the lives of many and sundry persons whose names are unknown were then and there endangered," etc.  Upon this indictment and plea he was sentenced to imprisonment in the state prison for the term of eleven years.  He now brings this writ of error to reverse or annul that sentence.  Inasmuch as the sentence was imposed at the May term, 1908, of this court in York County, and the writ of error was not brought till July, 1910, it may be assumed, though not expressly stated in the record, that the plaintiff was committed in execution of the sentence and is now in prison under it.

Among the assignment of errors is the want of authority to impose the sentence of imprisonment in the state prison for the offense to which the plaintiff pleaded guilty.  The state claims the necessary authority solely under R. S., ch. 119, sec. 5, which authorizes the imposition of such a sentence upon conviction of the offense of placing obstructions on railroad tracks "with intent that any person or property passing on the same should thereby be injured." But that intent, being specifically made by the statute a part of the definition of the offense, must be alleged and proved, or confessed, to warrant a conviction and sentence under that statute.  It is only when the obstructions are placed on the track with that intent, that the offense defined in that statute is committed.  The case is well within the settled rule that when a specific intent is a part of the definition of an offense, that specific intent must be alleged and proved, or confessed, to warrant conviction and sentence for that offense.  *Smith* v. *State*, 33 Maine, 48 ;  *State* v. *Gurney*, 33 Maine, 527 ;  *State* v. *Robinson*, 33 Maine, 564 ;  *Barnett* v. *State*, 36 Maine, 198.  The indictment to which the plaintiff pleaded guilty, and upon which he was sentenced, did not contain any allegation of the intent specified in the statute to be a part of the offense therein defined.  It follows that the sentence imposed was not authorized by law.

The cases cited by the State do not seem to us applicable to this case.  There is a difference between doing an act intentionally and doing it with a specific intent.  The case *Com.* v. *McLaughlin*,

105 Mass. 460, upon which much stress is laid, was the case of an indictment for an attempt to commit an offense. The decision was only that the intent of the attempt was sufficiently alleged.

The State further claims, however, that the plaintiff having pleaded guilty to the indictment instead of pleading in abatement, or demurring, the question of the sufficiency of the indictment is not open to him on writ of error after sentence. The answer is that it is not the indictment but the sentence that the plaintiff attacks. He only confessed the allegations in the indictment. He now raises the question that those allegations did not describe or make out an offense for which the court could lawfully impose sentence of imprisonment for eleven years in the state prison. We think he is entitled to raise that question after sentence and by writ of error. *Smith* v. *State*, 33 Maine, 48.

The judgment of the court upon the plaintiff's plea must be reversed, and as the plaintiff by his imprisonment under the sentence has expiated the offense, if any, of which he could be convicted under the indictment, he must be discharged from his imprisonment and go without day.

*So ordered.*