**SMITH v. STATE OF MAINE.**

No. 666.

United States District Court
D. Maine, S. D.

Jan. 9, 1951.

Carl G. Smith, pro se.

No attorney for defendant.

CLIFFORD, District Judge.

This matter comes before this Court upon the petition of Carl George Smith for writ of habeas corpus in which he alleges that he is illegally restrained in the custody of J. Wallace Lovell, Warden of the Maine State Prison.

The original petition filed January 5, 1950, alleged violation of petitioner's constitutional rights, but did not allege any facts concerning the applicant's commitment or detention.

By Opinion and Order dated and filed January 6, 1950, this Court found the petition fatally defective in that it failed to comply with the provisions of the Judicial Code, 28 U.S.C.A., and ordered "that a period of thirty days be granted the petitioner to file the supplemental petition, in which he shall set forth the facts relative to his detention in accordance with the rules expressed herein. If the petitioner fails or neglects to file a supplemental petition in accordance with the authority given herein, since the petition does not comply with the provisions of the Judicial Code, it will be denied".

Petitioner then filed a supplemental petition on January 12, 1950, and as a result of correspondence with petitioner concerning action being taken in State Courts on various petitions filed by him, petitioner wrote to this Court on January 25, 1950, requesting this Court "to delay action on my petition till further notice". Petitioner then wrote to the Clerk of this Court on September 18, 1950, referring to his pending petition for writ of habeas corpus, and stating, "I wish to withdraw this action since it will no longer be necessary".

The matter was thus considered closed, until receipt of a letter from petitioner,

dated December 26, 1950, requesting "that the petition for writ of habeas corpus heretofore referred to, now pending in the U. S. District Court for the Southern District of Maine be acted on by you at your earliest convenience".

In view of the fact that petitioner is not represented by counsel, and being desirous of protecting the rights of the individual, this Court will overlook the fact that petitioner had previously requested withdrawal of his action, and will consider the original and supplemental petitions for writ of habeas corpus as now being properly before this Court for determination.

The petition for writ of habeas corpus, as amended, is based upon the petitioner's allegation that he was illegally sentenced to imprisonment at hard labor for a term of not less than three and one-half nor more than seven years, on his plea of guilty to a charge of "Escape from Jail".

This Court will take judicial notice of proceedings of record in the State Courts of Maine, and of the fact that while action on this petition was delayed at petitioner's request his case came before the Supreme Judicial Court of Maine on exceptions to dismissal of his writ of error, and that the Supreme Judicial Court of Maine sustained his exceptions and declared the sentence void. See. 75 A.2d 538.

The basis for the petition for writ of habeas corpus, and the supplemental petition subsequently filed in this Court, was petitioner's contention that he was being illegally detained on a sentence imposed for "Escape from Jail".

Since it appears from the uncontrovertible facts recited in the Court records in the above-cited case that said sentence has been declared void, and that petitioner is no longer confined under said sentence, as a matter of law, there exists no cause for granting the writ, and it is therefore unnecessary at this time to consider whether the petition and supplemental petition comply with the formal requirements of the provisions of the Judicial Code, or whether petitioner has exhausted the remedies available in the Courts of the State.

It is hereby ordered, adjudged and decreed that the petition and supplemental petition for writ of habeas corpus be, and hereby is denied.