RAYMOND D. BEAULIEU
*vs.*
STATE OF MAINE, ET AL.

Cumberland.   June  23,  1965.

*Joseph E. Brennan, Esq.,* for the Plaintiff.

*Richard J. Dubord,* Attorney General and
*John W. Benoit,* Assistant Attorney General
for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, MARDEN, RUDMAN, JJ. SULLIVAN, J. did not sit.

WILLIAMSON, C. J. This is an appeal from the dismissal of an amended petition for writ of habeas corpus under the post-conviction habeas corpus Act, R. S. 1954, c. 126, §§ 1-A - 1-G (now 14 M.R.S.A. §§ 5502-5508), entered on respondents' motion.

In September 1959 in the Superior Court the petitioner was indicted for the offense of escape while "undergoing lawful imprisonment in the Reformatory for Men . . . in pursuance of the sentence of the . . . Judge of the Augusta Municipal Court, . . . for the offense of Larceny . . ." On arraignment the petitioner, represented by court appointed counsel, pleaded guilty, was adjudged guilty, and was sentenced and committed to the state prison for a term of from two to seven years.

Objection that the amended petition was not properly signed and verified was withdrawn at argument in light of *Holbrook* v. *State,* 161 Me. 102, 208 A. (2nd) 313, decided March 25, 1965, after the filing of respondents' brief.

The appeal must be dismissed for failure of the petitioner to file a designation of contents of the record on appeal and a statement of points of appeal within thirty days after his appeal to the Law Court. Maine Rules Civil Procedure,

Rule 75(a) and (d). The appeal was duly taken on December 9, 1964, but not until March 1965 were the designation of contents and statement of points filed without indication of service on the respondents.

An appeal in a post conviction habeas corpus is taken "in the same mode and scope of review as any civil action." 14 M.R.S.A. § 5508. Rule 75(a) and (d) therefore govern the procedure.

The time limits for action in bringing forward an appeal are plainly set forth in the Rules. See Field & McKusick, Maine Civil Practice § 75.1 et seq. In *Sawyer* v. *Congress Square Hotel Co.*, 157 Me. 111, 170 A. (2nd) 645, in 1961 we said at p. 112: "Appeals are, however, to be processed within the time limits or such enlargements as are fixed by the court rules. Dismissal may be expected to attend failure to comply."

The orderly dispatch of judicial business requires that the Rules be followed. The appeal is dismissed for failure to comply with Rule 75(a) and (d). See *Lopata* v. *Handler*, 121 F. (2nd) 938 (10th Cir.).

Although the decision is placed upon a procedural but nonetheless decisive point, we are satisfied that the result would be unchanged were the merits before us. We will discuss the case as though the appeal were properly here.

The issue is whether the petitioner was "lawfully detained" in the reformatory for larceny at the time of the escape for which he is now imprisoned.

He reasons that he was deprived of his constitutional rights in the petty larceny case in the municipal court as stated in the points of appeal; that the conviction of larceny was thereby void and the detention in the reformatory unlawful; and that accordingly the conviction of escape and his present imprisonment are unlawful.

The pertinent escape statute reads in part:

"Whoever, being lawfully detained in any jail or other place of confinement, except the state prison, breaks or escapes therefrom, or attempts to do so, shall be punished by imprisonment for not more than 7 years." R. S. 1954, c. 135, § 28 (now 17 M.R.S.A. § 1405).

The points of appeal read:

"The Court erred in dismissing Petitioner - Appellant's Petition for a Writ of Habeas Corpus.

"Specifically, in ruling that Petitioner-Appellant, by virtue of his failure to inform the Superior Court Judge at his arraignment for the crime of Escape of these following facts, has now waived the right to urge them in this Petition:

"That, at his hearing in Augusta Municipal Court upon a charge of Larceny, he was

A. Not represented by Counsel, nor

B. Apprised of his right to counsel, nor

C. Advised of his right to jury trial, nor

D. Apprised of his right to appeal from said Municipal Court in order to obtain a jury trial, nor

E. Apprised of the necessity to make timely appeal to the next Superior Court Term in order to preserve his right to jury trial.

"So that Petitioner-Appellant as a result lost his right to said jury trial guaranteed by both Federal and State Constitutions."

For our purposes in testing the judgment for the respondents on their motion to dismiss, the facts stated in the points of appeal are taken to be true.

The only error complained of in the appeal is in substance that the alleged deprivation of petitioner's rights

in the larceny case was held waived by the single justice in the escape case. The escape indictment was found sufficient in form and substance. The petitioner rightly does not object to the findings and rulings in this respect. The case does not come within the three cases discussed below.

In *Smith, Petr.* v. *State,* 145 Me. 313, 75 A. (2nd) 538, the petitioner held for lack of bail to appear in court was charged with escape from jail. The statute then read: "Whoever, being lawfully detained for any criminal offense. . ." (R. S. 1944, c. 122, § 28.) The Court said at p. 328: "However, as the indictment does not sufficiently set forth the commission of any offense either under the statutes of this state or at common law, the sentence imposed is entirely without legal justification and is void. The writ of error should have been sustained, the conviction reversed and the sentence vacated." Exceptions to the dismissal of the writ were sustained.

The respondent, in *State* v. *Couture,* 156 Me. 231, 163 A. (2nd) 646, while awaiting transfer to the Reformatory for Men, was charged with escape from the county jail. The issue of reasonableness of detention pending transfer was held a matter for the Court and not for the jury. The issue arose not with reference to the validity of the conviction and sentence upon which the charge of escape was predicated, as in the instant case.

The Court, in *Duncan, Petr.* v. *State,* 158 Me. 265, 183 A. (2nd) 209, in overruling exceptions to the denial of a writ of error relative to a conviction of escape from the state prison, said at p. 273:

> "The cases of escape pending transfer [Couture] and while committed for lack of bail [Smith] are distinguishable from the case at bar. Here we have the plain unmistakable designation of the court sentencing the petitioner for a felony punishable at state prison and of imprisonment pursuant to

the sentence. Such imprisonment is lawful imprisonment, and the lack of a mittimus if such be the fact does not alter its lawful character."

In our view the petitioner is not entitled in his attack upon the escape conviction to raise the alleged violations of his constitutional rights in the larceny case. In brief, he says that conviction for escape is bad because he was deprived of constitutional rights in the earlier larceny case.

The error in the reasoning of the petitioner lies in his failure to recognize that the conviction of larceny stands until held void, and that the larceny conviction and the detention in the reformatory were in effective force at the moment of escape. If the rule were otherwise, then a sheriff or custodian, armed with a record of conviction and commitment fair and complete, would at his own risk prevent the departure of his prisoner from jail, reformatory or other place of detention.

We expect and demand that the sheriff or custodian keep and maintain custody of his prisoner, and for this purpose to use force.

The right of a sheriff or custodian to prevent a prisoner from escaping, does not rest on whether at some later date the unlawfulness of detention is established. The "lawfully detained" of the statute speaks of the moment of the escape.

We recognize that on the deprivation of constitutional rights, the Court thereby loses jurisdiction of the cause. *Gideon* v. *Wainwright*, 372 U.S. 335, 83 S. Ct. 792. It does not follow, however, that detention under the judgment issued by such Court is unlawful until the judgment itself has been determined to be void.

Whether the rights of the petitioner were violated, and hence whether the larceny conviction should be upset, with a new trial thereon, are questions not for a jailer or prisoner to decide, but for the Court in a proceeding directed to the larceny, and not to the escape. In an attack on the escape

conviction, the petitioner seeks to raise a collateral attack on the larceny conviction. This he may not do.

In summary, the issue is not whether the larceny conviction and commitment to the reformatory should be held unlawful, but whether they were in force at the moment of the alleged escape. The answer is plain. The petitioner was then "lawfully detained," and hence was subject to the escape statute.

For this reason the respondents were entitled to a dismissal of the petition. For illustrative material see *Copeland* v. *Manning* (S.C.) 109 S.E. (2nd) 361; *People* v. *Hinze,* 97 Cal. App. (2nd) 1, 217 P (2nd) 35; *U. S.* v. *Jerome,* 130 F. (2nd) 514 (2nd Cir.); *Stinehagen* v. *Olson* (Neb.) 17 N.W. (2nd) 674; 3 Wharton, Criminal Law and Procedure § 1374 (12th ed. 1957); Annot. 70 A.L.R. (2nd) 1430; 30 C.J.S., *Escape* § 5(2); 19 Am. Jur. 1964 Supp., *Escape, Prison Breaking, and Rescue* § 27.

The single justice, in dismissing the petition, said in part:

> "Under the circumstances petitioner's failure during the Superior Court arraignment to inform the presiding Justice of petitioner's lack of counsel during the previous arraignment or trial in Augusta Municipal Court must be now deemed to constitute a waiver by the petitioner of his right to urge such want of counsel in this present proceeding as an unjust determinant invalidating his guilty plea, his conviction, sentence and commitment for escape. R. S. c. 126, § 1-A, additional."

We reach a like result for reasons which seem to us more compelling. Briefly, the issues stated in the appeal were not available to the petitioner by collateral attack upon the larceny conviction at the escape trial, and hence waiver was not material.

The entry will be:

*Appeal dismissed.*