### Larry A. CHAPMAN

v.

### STATE of Maine et al.

Supreme Judicial Court of Maine.

March 10, 1969.

Ronald L. Kellam, Portland, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendant.

Before WEBBER, MARDEN and WEATHERBEE, JJ.

WEATHERBEE, Justice.

In June of 1966, petitioner, then a juvenile of the age of sixteen, was sentenced to confinement in the Reformatory for Men, which is now the Men's Correctional Center. On September 8, 1967 the Grand Jury for Cumberland County returned an indictment charging the petitioner with escape from the Reformatory. Petitioner entered a plea of guilty to this indictment. He received a sentence of 1 to 2 years in the Maine State Prison and was committed. His petition for the statutory writ of habeas corpus created by 14 M.R.S.A. Section 5502 was heard by a Justice in the Superior Court and the Justice found that the petitioner was illegally imprisoned and ordered his release. The matter comes before us on the State's appeal.

The petitioner contends here, as he did when this petition was heard in the Superior Court, first: that he was not undergoing lawful detention at the time of his escape because he had not been represented by counsel in the juvenile court at the time

of his original sentence, and second: that the indictment which charges him with escape is insufficient at law and invalid.

There are no issues of fact before us. A memorandum of facts was prepared by the Justice in the Superior Court as a result of pre-trial conference. This discloses that the parties agree that petitioner, then a juvenile of sixteen, was charged, prosecuted and sentenced for juvenile delinquency in the juvenile court without counsel representation. The agreed facts are silent as to whether there was a valid waiver by petitioner of his right to counsel representation and the Justice made no finding as to this.

■ We held in Beaulieu v. State, 161 Me. 248, 211 A.2d 290 (1965) and in Hamner v. State, Me., 223 A.2d 532 (1966) that if a prisoner who is undergoing confinement as a result of a sentence imposed by a court of competent jurisdiction escapes from this confinement while the sentence is in full force and effect, his act is an escape from lawful detention, even though the first conviction and sentence are voidable and may be set aside in direct proceedings for deprivation of constitutional rights.

Since *Beaulieu* and *Hamner,* the United States Supreme Court has held that juvenile proceedings which may lead to commitment in a state institution must measure up to the essentials of due process and fair treatment, including the right to representation by counsel. Matter of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The petitioner suggests that we should examine again our decisions in *Beaulieu* and *Hamner* in the light of the language of *Gault* and we have done so.

The announcement of the principle set forth in *Gault* in no way changes the rule reached by us in *Beaulieu* and *Hamner.* We had held in *Hamner* that although that petitioner's claimed denial of counsel representation in the juvenile court might, upon direct attack, void his conviction and invalidate his commitment, it would not be a defence to a charge of escape made while the conviction was still in effect.

The agreed facts here only suggest that petitioner's original conviction *might* have been voidable and in any event that issue is not before us now. Petitioner had the right to test the validity of his original conviction and confinement by judicial procedure but not by escaping from the confinement. A valid judgment and commitment by a court of competent jurisdiction were in full force and effect at the time of his escape.

■ Petitioner's challenge to the sufficiency of the indictment raises issues identical to those which we faced in Boyce v. State, Me., 250 A.2d 200 (Opinion filed February 17, 1969) which was decided shortly after argument in this case. The indictment to which petitioner pleaded guilty reads:

"On the nineteenth day of August, 1967, in the Town of Windham, County of Cumberland, and State of Maine, the defendant Larry A. Chapman was undergoing lawful imprisonment in the State Reformatory for Men, at said Windham, in pursuance of the sentence of the Honorable Mark L. Barrett, Judge of the Ninth District Court, for the State of Maine, on the twenty-seventh day of June, A.D.1966, for the offense of Juvenile Delinquency, which offense was within the jurisdiction of said court, and upon the nineteenth day of August, A.D. 1967, the said Larry A. Chapman did while in a supervised work crew at the Pineland Hospital and Training Center in said County, wilfully, unlawfully and feloniously, from and out of said work crew and out of said Reformatory for Men, escape and go at large."

The Justice in the Superior Court found that the indictment was fatally deficient because it failed to allege that the petitioner's presence at Pineland, away from the Reformatory grounds, was as a result of a properly authorized work assignment. Our holding in *Boyce* has now refuted this. The indictment adequately charged a lawful commitment to and escape from the Re-

formatory. The escape from Pineland was an escape from the Reformatory. If in fact, at the time of his escape petitioner was working at Pineland on a detail which had not been approved by proper authorities it would not justify his escape.

■ If petitioner, as he now contends, was uncertain whether his indictment for escape was based on 17 M.R.S.A. Section 1405 or 34 M.R.S.A. Section 807 no prejudice resulted. Both are concerned with escapes from the Reformatory and the sentence received by petitioner was, as in *Boyce,* well below the maximum provided by either statute.

Appeal sustained.

WILLIAMSON, C. J., and TAPLEY and DUFRESNE, JJ., did not sit.