**STATE of Maine**

v.

**Roger PERKINS.**

Supreme Judicial Court of Maine.

May 19, 1971.

F. Frederick Romanow, County Atty., Belfast, for plaintiff.

John H. Fallon, Searsport, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, and WERNICK, JJ.

PER CURIAM.

This indigent defendant was convicted by a jury of the offense of escape from jail and was sentenced to serve a term in the Maine State Prison. On defendant's appeal, his court-appointed attorney has presented us with two issues.

First, defendant contends that as he had been found not guilty of the offense of breaking, entering and larceny, the charge on which he had been confined to jail at the time of the escape, he could not later have been properly convicted of escape.

We are not convinced that we should depart from the reasoning followed in Beaulieu v. State, 161 Me. 248, 211 A.2d 290 (1965); Hamner v. State, Me., 223 A.2d 532 (1966); Chapman v. State, Me., 250 A.2d 696 (1969) and Collins v. State, Me., 262 A.2d 443 (1970). The jury found, on sufficient evidence and adequate instructions, that defendant was in lawful custody pending trial on the breaking, entering and larceny charge and that it was from this lawful custody that he escaped. His rights in defense of that charge did not include the right to escape from the jail.

Second, defendant urges that the Justice who sentenced him to prison for

escape must have been influenced by the fact that he had also presided at the earlier trial in which defendant was found not guilty of breaking, entering and larceny and that as a result defendant received a prison sentence of 1½ to 5 years instead of a sentence to the county jail which defendant argues would have been more appropriate. The appropriateness of the sentence was for the Presiding Justice to decide, subject to review by the Appellate Division of the Supreme Judicial Court under the provisions of 15 M.R.S.A. §§ 2141–2144, but we should observe that the Justice's disinclination to return a defendant to the same institution from which he had recently succeeded in escaping is understandable. Neither the sentence nor the record before us reflects the slightest appearance of prejudice and we are aware of no reason or authority to support defendant's apparent position that a Justice who sits at one trial of a defendant is necessarily precluded from presiding at another trial of the defendant at the same term.

Appeal denied.

ARCHIBALD, J., did not sit.