STATE of Maine

v.

Lloyd Wayne NORTHUP.

Supreme Judicial Court of Maine.

July 10, 1975.

Donald H. Marden, County Atty., Augusta, for plaintiff.

Wathen & Wathen by Daniel E. Wathen, Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

WERNICK, Justice.

Defendant Lloyd Wayne Northup has appealed from a judgment of conviction entered (on June 19, 1973) upon the verdict of a Kennebec County jury which found defendant guilty of the crime of escape from the Kennebec County Jail.

On August 18, 1972 defendant intentionally and unauthorizedly departed from detention in the Kennebec County Jail. Several days later, he was found in Portland, Maine and was thereupon returned to the Kennebec County Jail.

On October 11, 1972 defendant was indicted for the crime of "escape from jail" in violation of 17 M.R.S.A. § 1405. The indictment included allegations, among others, that defendant had been convicted in the Superior Court of four offenses, two of sodomy and two of rape, a Superior Court Justice had sentenced defendant for said offenses to terms of imprisonment in the Maine State Prison, and after he had filed a notice of appeal to the Law Court defendant was

". . . being lawfully detained in the Kennebec County Jail . . ."

and

". . . while being so detained, did . . . willfully, unlawfully and feloniously escape . . . and go at large."

Defendant's appeal to this Court makes no attack on the validity of the indictment; it is concerned only with the sufficiency of the evidence to prove the charge against defendant. Defendant raises the single issue that the evidence was legally insufficient to prove one essential element of the crime of escape: that the detention of the defendant at the Kennebec County Jail was pursuant to lawful authority.[1]

In evidence, admitted without objection by defendant, were four exhibits containing the docket entries made in four prior criminal prosecutions against defendant (consolidated for trial) in which defendant had been convicted of two offenses of sodomy and two of rape. Taken strictly within their own confines, without need of amplification, these exhibits justify a conclusion that, for purposes of proof of the crime of "escape", defendant's detention at the Kennebec County Jail on August 18, 1972 was a detention pursuant to lawful authority.[2]

---

1. The issue has been appropriately saved for appellate cognizance by the presiding Justice's denial of a motion for judgment of acquittal filed by the defendant at the conclusion of all the evidence.

2. Since we find defendant's conviction justified by State's exhibits 1–4, inclusive, taken entirely within themselves, we have no need to evaluate the propriety of the ruling of the presiding Justice which allowed into evidence, over the objection of defendant, testimony by the Clerk of the Superior Court providing information additional to that which appeared in the docket entries themselves.

The exhibits reveal that after the Superior Court, convened in Kennebec County, had adjudicated defendant guilty of the two sodomy and two rape offenses, as to each of said convictions proceedings were then had in said Court as follows:

"December 2, 1970—Sentence: Maine State Prison . . . . Roberts, J.

"December 2, 1970—Notice of Appeal under Rule 37 filed . . . .

"December 2, 1970—Motion for Stay of Execution—Rule 38 filed.

"December 2, 1970—Motion Granted. Bail set at $5,000. Roberts, J."

Defendant's argument is that this evidence does not show that defendant had failed to provide the bail which had been set. Hence, says defendant, the State has not proved the critical fact by which—in accordance with Rule 38(a)(1) and (b), and Rule 46(a) M.R.Crim.P., as well as 15 M.R.S.A. § 1701—defendant would be lawfully subject to detention in the Kennebec County Jail during the pendency of his appeal to the Law Court. It is in this specific respect, asserts defendant, that the evidence is inadequate to establish that defendant's detention at the Kennebec County Jail was pursuant to lawful authority.

Defendant's position is unsound.

In *State v. Heald,* Me., 322 A.2d 68 (1974), in a situation closely analogous to that now before us, we clarified that once the prosecution has proved that a defendant charged with escape had been convicted of a criminal offense in the Superior Court and in connection with that conviction was in fact being detained in the County Jail of the County in which the Court was convened, such proof sufficiently establishes

". . . for the purposes of evaluating whether defendant had committed the crime of 'escape', a detention under lawful authority." (p. 72)

We held this to be true notwithstanding an absence of evidence that

". . . defendant failed '. . . to provide bail as established . . . .' " (p. 72)

The reasoning, and the decision, in *Heald* brought sharply into focus a principle discernible in the line of cases commencing with *Smith v. State,* 145 Me. 313, 75 A.2d 538 (1950) and continuing through *Hamner v. State,* Me., 223 A.2d 532 (1966); *Boyce v. State,* Me., 250 A.2d 200 (1969); *Chapman v. State,* Me., 250 A.2d 696 (1969); *Wark v. State,* Me., 266 A.2d 62 (1970); *Collins v. State,* Me., 262 A.2d 443 (1970), and *State v. Morton,* Me., 293 A.2d ·775 (1972). In essence, *Heald* crystallized this principle to be that in a prosecution for the crime of escape, evidence that (1) defendant was being detained in a lawfully established institution of detention (such as a County Jail) and (2) the detention had a colorably lawful connection with defendant's having been convicted of a crime by a duly constituted Court, provides proof legally sufficient to support the conclusion that defendant's detention was pursuant to lawful authority.

The rationale behind this principle is that in the furtherance of a sound public policy it is intolerable that a prosecution for "escape" shall become the instrumentality by which defendant can level a collateral attack upon the sufficiency, or regularity, of proceedings had in a separate and independent criminal prosecution. Most recently, we enunciated this rationale in the analysis leading to our decision in *State v. Higgins,* Me., 338 A.2d 159 (1975). We specified two policy grounds in support of it: (1) "the public interest to foster a 'reign of law' " and (2) the need for "extraordinary measures to ensure the maintenance of discipline and order" in detention institutions to guarantee "fulfillment of the special purposes" for which such institutions exist.

The view thus formulated in *Heald,* and explained in greater detail in *Higgins,* represents the modern trend of decision in the large majority of jurisdictions in this country, as is disclosed by examination of the appropriate cases collected in Annot. 70 A.L.R.2d 1430, et seq.

▇ We conclude, therefore, that in the instant prosecution State's exhibits 1–4, without more, adequately prove that on August 18, 1972 defendant's detention at the Kennebec County Jail was a detention pursuant to lawful authority. This is true even though said exhibits fail to show that defendant had failed to provide the bail set by the presiding Justice. Since both statute and rules provided a basis on which defendant's confinement at the Kennebec County Jail was justifiable, defendant's detention was under a color of law sufficient to qualify it as a detention pursuant to lawful authority for purposes of proof of the crime of escape.[3]

The entry is:

*Appeal denied.*

All Justices concurring.

---

3. Although the instant indictment contained allegations that defendant had failed to provide the bail which was set and was being detained in the Kennebec County Jail because of such failure, we may note here, as we said in *Heald,* supra, that these were superfluous allegations and " . . . the State's failure to prove . . . [them], did not contradict, or otherwise impair, the existence of any of the essential elements constituting the crime of 'escape'—otherwise adequately alleged and proved against defendant." (p. 72 of 322 A.2d).