STATE of Maine

v.

Dale JACKSON.

Supreme Judicial Court of Maine.

Nov. 9, 1978.

Joseph M. Jabar, Dist. Atty., Cheryl Simcock, Intern (orally), Augusta, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by Phillip E. Johnson (orally), Malcolm L. Lyons, Augusta, for defendant.

Before POMEROY, WERNICK, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Appellant was indicted for escape from official custody in violation of 17–A M.R.S.A. § 755. A jury trial culminated in a guilty verdict. Appellant was sentenced to four years imprisonment.

An appeal was seasonably taken.

We deny the appeal.

Appellant was paroled from the Maine State Prison on August 18, 1976. In late August 1977 he was in jail on another charge when a hold order against him was issued by the Director of Probation and Parole, pursuant to reports that he had violated his parole. Appellant was later released, a warrant not having issued at that time.

On August 31, 1977 two Maine State Police troopers approached appellant at his trailer home and informed him that they had a warrant for his arrest. The warrant involved had been issued on August 30 by the Director of Probation and Parole. After a conversation with one trooper in the cruiser, appellant apparently agreed to submit to arrest, but asked and received permission to bring along clean shirts from his trailer. After recovering the shirts appellant proceeded to his mother's adjacent trailer in search of cigarettes. Finding none, appellant and his trooper escort started out the doorway, appellant in the lead. As they passed appellant's mother, the officer paused and turned to her to reply to a question. When he turned back, appellant was gone. The second trooper testified that he saw appellant disappear between the trailers and apparently flee into the nearby woods.

Appellant contends that the Court below erred in failing to direct a verdict of acquittal, on the grounds of insufficient evidence to justify a finding of *"official custody."* This is an essential element of the crime. Specifically, he charges that the State failed to prove the validity of the warrant, and failed to introduce the warrant itself

into evidence.[1] Our resolution of this appeal, however, does not require us to reach the issues raised by appellant.

Appellant's attack on the underlying validity of the warrant is, in the context of our escape statute, largely irrelevant. Assuming, *arguendo*, an invalid arrest appellant's conduct would nevertheless be within the reach of the escape statute.

> 17–A M.R.S.A. § 755(3) specifies that *[a]s used in this section, "official custody" means arrest, custody in, or on the way to or from a jail, police station, house of correction, or [the like]*.

Official custody is thus present in any of three types of circumstances: arrest, custody in a facility of the nature specified, or transportation to or from such a facility.

Significantly, 17–A M.R.S.A. § 755(2) provides that:

> *In the case of escape from arrest, it is a defense that the arresting officer acted unlawfully in making the arrest. In all other cases, it is no defense that grounds existed for release from custody that could have been raised in a legal proceeding.*

■ Of the three situations in which official custody exists, named in § 755(3), only *"arrest"* is susceptible to a defense of illegality. Here, there was ample evidence that appellant was in *"custody . . . on the way to . . . jail"* at the time he fled. The record reflects that one of the troopers advised him that they were headed for the County Jail, and appellant's request to collect extra clothing and cigarettes before leaving confirms this understanding. The appellant, having clearly been in custody, en route to jail, § 755(2) removes from consideration the defense of illegality of arrest which may arise in other circumstances.

■ The statute reflects a legislative judgment that once an arrest has been made, and the prisoner taken into custody, resistance must be prohibited, irrespective of the validity of the arrest. A contrary rule would invite breaches of the peace and potentially deadly confrontations between police and suspects. This limitation on the right of self-help serves this important interest. *Cf. State v. Perkins*, Me., 277 A.2d 501 (1971).

Several other contentions are presented by appellant for our consideration. After a careful review, we find them to be either wholly without merit or, at best harmless error. In particular we note that submission of the question of legality of detention to the jury was erroneous, *State v. Morton*, Me., 293 A.2d 775, 779 (1972). Official custody being found by virtue of the appellant having been en route to prison, the error was harmless.

Appellant's conduct is of a type clearly proscribed without the four corners of the statute. His flight from the custody of the troopers constitutes *"escape"* within the meaning of § 755. The judgment must be affirmed.

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and ARCHIBALD and DELAHANTY, JJ., did not sit.

---

1. Both at trial and in his brief on appeal, appellant had further argued vigorously that, assuming the warrant to be otherwise valid, its issuance by the Director of Probation and Parole was without lawful authority. *See* 1975 Maine Laws, c. 499, § 71, repealing as of May 1, 1976 34 M.R.S.A. § 1675. At oral argument, however, this contention was conceded to be without merit. *See* 17–A M.R.S.A. § 1254(3) and 34 M.R.S.A. § 1592(4).