**STATE of Maine**

v.

**John HANNON.**

Supreme Judicial Court of Maine.

Dec. 6, 1978.

Joseph M. Jabar, Dist. Atty. (orally), Augusta, for plaintiff.

James E. Mitchell (orally), Augusta, for defendant.

Before POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

On July 3, 1977, the Defendant, John Hannon, absconded from the Kennebec County Jail. Apprehended on July 13, 1977, he was indicted on August 2, 1977, for the offense of escape, 17–A M.R.S.A. § 755, in the Superior Court in Kennebec County.

He was found guilty by a jury on February 13, 1978. He appeals from the judgment of conviction, alleging certain defects in the indictment.

Additionally, the Defendant asserts two further errors. He claims that the Superior Court should have granted his pre-trial motion to dismiss the indictment, advanced on the ground that the State's administrative punishment for the escape already imposed upon the Defendant by the Department of Corrections ought to bar a subsequent prosecution. He also claims that the justice presiding at the trial erred by excluding evidence tending to show that the Defendant had been subjected to cruel and illegal punishment before his escape.

We deny the appeal.

On June 21, 1977, the District Court committed the Defendant to the Kennebec County Jail when he failed to post bail. He entered jail that same day and, on July 3, 1977, without permission, he jumped over the fence which enclosed the jail yard and disappeared. According to jail records he was returned to custody in Kennebec County Jail on July 13, 1977.

The Defendant argues first that the indictment[1] is fatally insufficient because it failed to plead every element of the offense. Specifically he contends that the elements of the offense include a showing that the prisoner was being held pursuant to lawful authority, citing *State v. Morton*, Me., 293 A.2d 775 (1972); *State v. Campbell*, Me., 314 A.2d 398 (1974); *State v. Holbrook*, Me., 318 A.2d 62 (1974); and *State v. Heald*, Me., 322 A.2d 68 (1974). The flaw in his argument is that, of the prosecutions in the cited opinions, none arose under the recently enacted Maine Criminal Code provision codifying the crime of escape, effective May 1, 1976 and superseding 17 M.R.S.A. § 1405.[2]

1. In full the indictment states:

   THE GRAND JURY CHARGES: On or about the third day of July 1977, at Augusta, in the County of Kennebec and State of Maine, John Hannon being a person in official custody, to wit, having been ordered to be held at the Kennebec County Jail in lieu of bail pending a probable cause hearing, did, while in the Kennebec County Jail, intentionally leave official custody, without official permission.

2. The predecessor to 17–A M.R.S.A. § 755 was 17 M.R.S.A. § 1405 which read:

   Whoever, being lawfully detained in any jail or other place of confinement, except the State prison, breaks or escapes therefrom, or attempts to do so, shall be punished by im-

Under 17–A M.R.S.A. § 755[3] the State must plead and prove that a person has intentionally left official custody without permission. A person is in "official custody" if he is in custody in a jail. The statute nowhere lists as an element of the offense of escape the fact that a person is being held pursuant to lawful authority. This element is no longer essential to the sufficiency of an indictment for escape. The policies underlying this shift away from the common law definition of escape have been treated in detail in our recent opinion, *State v. Jackson,* Me., 394 A.2d 769 (1978), and need not be reiterated here. The indictment was valid. It stated every essential element of the crime of escape by declaring that John Hannon, while held in custody at the Kennebec County Jail, intentionally left that custody, without official permission. *See State v. Blais,* Me., 391 A.2d 1198 (1978).

The Defendant next argues that, by cruel and unusual punishment imposed upon him by administrative action following his return to custody, the State has elected to treat the escape as an administrative disciplinary offense and cannot also treat the infraction as a judicial crime. He bases his position upon the County and Municipal Jail Standards established by the Department of Mental Health and Corrections pursuant to 34 M.R.S.A. § 3. The specific language is set forth in the margin.[4]

The Defendant asks us to adopt a rule that violation of this administrative guideline will effect a bar to judicial prosecution. Such a rule is nowhere part of the statute or regulation. The remedy there provided is through complaint to the Commissioner of the Department.[5] The Legislature has

---

prisonment for no more than 7 years. The sentence to such imprisonment shall not be concurrent with any other sentence then being served or thereafter to be imposed upon such escapee. *Whoever resists apprehension or breaks arrest shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 11 months.*

An element of the crime under this statute is lawful detention, but compare to the present provision set forth in note 3.

**3.** 17–A M.R.S.A. § 755, as relevant, reads:

1. A person is guilty of escape if, without official permission, he intentionally leaves official custody, or intentionally fails to return to official custody following temporary leave granted for a specific purpose or a limited period.

2. In the case of escape from arrest, it is a defense that the arresting officer acted unlawfully in making the arrest. In all other cases, it is no defense that grounds existed for release from custody that could have been raised in a legal proceeding.

3. As used in this section, "official custody" means arrest, custody in, or on the way to or from a jail, police station, house of correction, or any institution or facility under the control of the Bureau of Corrections, or under contract with the bureau for the housing of persons sentenced to imprisonment, the custody of any official of the bureau, or any custody pursuant to court order. A person on a parole or probation status is not, for that reason alone, in "official custody" for purposes of this section.

**4.** Rule 9 of the Regulation on Inmates Rights sets out the procedures for imposing punishment. The relevant portion is:

Offenses are acts which are criminal under the laws of Maine or the United States and may be referred to the District Attorney for prosecution. Offenses referred to the District Attorney shall not be handled as a disciplinary matter at the jail. Offenses not referred to the District Attorney shall be handled as infractions by the sheriff.

Department of Mental Health & Corrections, *County and Municipal Jail Standards* 25 (1977).

**5.** 34 M.R.S.A. § 3 (1964) provides:

The department may make frequent inspections of all county jails and shall inspect all county jails at least twice in each year and report annually, before December 1st, to the Governor [and Executive Council] in respect to the conditions of said jails.

The commissioner shall establish standards for all county jails. Such standards shall approximate, insofar as possible, those established by the Inspector of Jails, Federal Bureau of Prisons.

*Failure on the part of the county commissioners to maintain standards established under this section,* discovered during any jail inspection conducted under this section, *shall be reported by the commissioner in writing to the county commissioners of the county in which such jail is located, specifying deficiencies and departures from such standards and ordering their correction.* It shall be the responsibility of the county commissioners to cause such deficiencies to be corrected and such standards to be restored, within 6

nowhere indicated that that Department is empowered to decide whether this offense will be judicially prosecuted. This power is reposed in the District Attorney, who is elected by the people.

We remain convinced that *State v. Tise,* Me., 283 A.2d 666 (1971) was correctly decided. There our Court observed:

> "[E]xisting decisional law overwhelmingly holds that criminal prosecution for escape is not barred by prior administrative punishment within the prison for the escape . . .. We find unanimity in the other State and Federal Court decisions on this issue."

*Id.* at 666–667. Adoption of this regulation does not change the result reached in *Tise.* A violation of the Defendant's rights under this regulation does not bar a prosecution of the Defendant under the Maine Criminal Code.

Finally, the Defendant asserts that he should have been permitted to show as a defense that his escape was precipitated by illegal and cruel and unusual punishment. Under 17–A M.R.S.A. § 755.2 only "arrest" is susceptible to a defense of illegality. *State v. Jackson,* Me., 394 A.2d 769 (1978). Since the Defendant was being held in custody in a jail, "it is no defense that grounds existed for release from custody that could have been raised in a legal proceeding." 17–A M.R.S.A. § 755.2. Illegal punishment is no defense to the crime of escape since that ground may be raised in other appropriate proceedings. *See State v. Dyer,* Me., 371 A.2d 1086, 1090–91 (1977) (fear that life was in danger was no defense to crime of escape). Such a complaint should have been addressed either to the judicial system or the prison administration. Self-help is not a permissible remedy. *Id.* at 1091.

The entry will be:

Appeal denied.

Judgment affirmed.

ARCHIBALD, J., did not sit.

---

months from receipt of the report and order of the commissioner. For failure of the county commissioners to comply with such order, the commissioner may order the county jail to be closed and the prisoners transferred to the nearest county jail or jails meeting the prescribed standards and having available room for prisoners. The cost of transfer, support and return of such prisoners shall be paid by the county from whose jail the prisoners are transferred as provided in this section for other transfers. The commissioner may contract with any qualified person to serve as consultant to the department for the purpose of inspections under this section and to inspect the county jails, and any law to the contrary notwithstanding, such qualified person may be an officer or employee of the department. (Emphasis added).