STATE of Maine

v.

Charles D. HEALD, Jr.

Supreme Judicial Court of Maine.

Argued Jan. 20, 1982.

Decided April 9, 1982.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty. (orally), Portland, for plaintiff.

Thomas M. Mangan (orally), Lewiston, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

On August 13, 1980, the Defendant, Charles D. Heald, Jr., absconded from the Maine Correctional Center at South Windham. After indictment for the offense of escape, 17–A M.R.S.A. § 755 (1980), nine months later a jury in Superior Court (Cumberland County) found him guilty of that offense. The Defendant appeals from the judgment of conviction, alleging errors in the presiding justice's refusal to admit certain testimony into evidence and to excuse certain jurors for cause.

We deny the appeal.

The Defendant was incarcerated at the Maine Correctional Center pursuant to a sentence for aggravated assault, 17–A M.R.S.A. § 208 imposed on May 2, 1979. Shortly after noon on August 13, 1980, the Defendant was discovered missing from the

Correctional Center. In the late evening of that day the Defendant was found in Lewiston by a Correctional Center officer and two Lewiston police officers.

During his stay at the Correctional Center the Defendant had been assigned to work in the commissary from approximately 7:30 A.M. to 12:00 M. each day. At 11:45 A.M. on August 13, 1980, while the Defendant was cleaning the commissary, the officer in charge of the commissary cashed out as was done each Wednesday, and went in the back of the commissary and checked the locks on the doors. At noon he asked another inmate to take the envelope containing $285.00 from the cash box to the accounting department. The inmate took the indicated envelope and replied that it contained no money. When the officers found the Defendant in Lewiston, he was carrying a steak knife, $155.17 in cash, eight or nine packs of cigarettes, and three packs of cigars.

The Defendant first asserts that the presiding justice erred in refusing to admit testimony by the Defendant to establish duress as a justification for leaving the institution and testimony by a doctor to establish reasonable doubt as to the requisite culpable state of mind, 17–A M.R.S.A. § 58(1–A) (Supp.1980)[1]. The Defendant had preserved both of these points for appeal.

In an offer of proof made outside of the hearing of the jury the Defendant declared that he was beaten weekly by inmates; that some inmates threatened him with death; that four months prior to his alleged escape he had been beaten by correctional officers; and that on August 13, 1980, at about 3:00 P.M., two correctional officers pinned him against a wall, hit the top of his head with a table lamp, and threw him down a flight of stairs that was four steps tall.

■ Exclusion of such evidence in this case was not error. Under 17–A M.R.S.A. § 755(2) (Supp.1980)[2] duress does not justify escape where complaints about conditions at a correctional institution may be brought in a legal proceeding. *State v. Flemming*, Me., 409 A.2d 220, 222–23 (1979); *State v. Hannon*, Me., 395 A.2d 118, 121 (1978), *cert. denied*, 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980). The Defendant could have raised these complaints in the judicial system or in the prison administration. *See State v. Hannon*, Me., 395 A.2d at 121. The Defendant's statement that he trusted no one was the only suggestion of a lack of legal remedy. It does not prove a lack of such remedy.

In a second offer of proof made outside of the hearing of the jury the Defendant sought to introduce a doctor's testimony that the Defendant was suffering from epilepsy on the date of the alleged escape. Defendant urges that this testimony would prove that he, the Defendant, "didn't know what he was doing" at the time of the escape.

■ Exclusion of such evidence in this case was not error. Intent to leave the institution is the critical element of the offense of escape, 17–A M.R.S.A. § 755[3].

1. 17–A M.R.S.A. § 58(1–A) (Supp.1980) provides:

> In a prosecution for a crime which may be committed intentionally, knowingly or recklessly, where such culpable state of mind is a necessary element, the existence of a reasonable doubt as to such state of mind may be established by evidence of an abnormal condition of mind.

17–A M.R.S.A. § 58 was repealed by Pub.L. 1981, ch. 324, § 19 and replaced by 17–A M.R.S.A. § 38. *See* P.L.1981, ch. 324, § 14, effective September 18, 1981. 17–A M.R.S.A. § 38 provides:

> Evidence of an abnormal condition of the mind may raise a reasonable doubt as to the existence of a required culpable state of mind.

2. 17–A M.R.S.A. § 755(2) provides in pertinent part:

> In the case of escape from arrest, it is a defense that the arresting officer acted unlawfully in making the arrest. In all other cases, it is no defense that grounds existed for release from custody that could have been raised in a legal proceeding.

3. "Intentionally" is defined as:

> A. A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result.

The State must prove such intent beyond a reasonable doubt. 17–A M.R.S.A. § 5(1); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Under 17–A M.R.S.A. § 58(1–A) evidence which is capable of generating a reasonable doubt in the mind of a rational juror that the defendant acted with the culpable mental state may be admitted at trial. *State v. Sommer*, Me., 409 A.2d 666, 669 (1979); *State v. Burnham*, Me., 406 A.2d 889, 895–96 (1979). *See Mens Rea and Insanity*, 28 Me.L.Rev. 500 (1977).

In the latter offer of proof the Defendant did not generate any evidence that would create a reasonable doubt as to his intent to leave the institution. His offer of proof did not suggest that, at the time when the Defendant departed from the Correctional Center, the epilepsy materially affected the Defendant's capacity to form an intent to leave the institution. 17–A M.R.S.A. § 58(1–A) does not compel the admission of conjectural evidence. *State v. Sommers*, Me., 409 A.2d at 669–70. *See State v. Mishne*, Me., 427 A.2d 450, 455 (1981). We review the presiding justice's determination of the relevancy of the proffered evidence for an abuse of discretion. *State v. Gagnon*, Me., 383 A.2d 25, 31 (1978); *McCully v. Bessey*, 142 Me. 209, 214, 49 A.2d 230, 233 (1946). *See* M.R.Evid. 401, 402; R. Field and P. Murray, *Maine Evidence* § 401.1 (1976).

 In a further issue raised on this appeal the Defendant asserts error in the presiding justice's denial of both of his motions for judgment of acquittal, one made at the close of the State's case and the second made when both parties had rested. The presiding justice concluded that the State presented sufficient evidence to warrant a rational inference by the fact finders of the culpable mental state. We find no error. In reviewing the record, we find sufficient evidence to support a reasonable inference of the intent that is the critical element of the offense. 17–A M.R.S.A. § 755. *See State v. Lagasse*, Me., 410 A.2d 537, 542–43 (1980).

 Last, the Defendant challenges the presiding justice's refusal to excuse five prospective jurors who were current or former law enforcement officers or who were related to or acquainted with a law enforcement officer.[4] The granting of a challenge for cause is mandatory where the juror (1) is related to either party, (2) has given or formed an opinion, or (3) is sensible of any bias, prejudice or particular interest in the cause. 14 M.R.S.A. § 1301. A personal, social, or familial relationship with a law enforcement officer, absent a showing of bias, does not indicate sensibility to bias, prejudice, or particular interest in a cause and thus require that juror to be excused for cause. *See State v. Chattley*, Me., 390 A.2d 472, 477 (1978). In response to the presiding justice's questions on voir dire, each of these five jurors indicated that their relationship with a law enforcement officer would not make it difficult for them to listen objectively to the evidence and render an impartial verdict. In the instant case where the presiding justice questioned the jurors for possible bias and found none, his decision not to excuse these jurors for cause was a rational one.

Again, we find no error.

The entry, therefore, is:

Appeal denied.

Judgment affirmed.

All concurring.

---

B. A person acts intentionally with respect to attendant circumstances when he is aware of the existence of such circumstances or believes that they exist. 17–A M.R.S.A. § 10(1) (Supp.1980).

17–A M.R.S.A. § 10(1) has been moved to become 17–A M.R.S.A. § 35(1) (Supp.1981).

4. Because the Defendant exercised all his peremptory challenges, he is not barred from challenging the presiding justice's failure to dismiss a juror for cause. *State v. Albano*, 119 Me. 472, 111 A. 753 (1920). *See State v. Chattley*, Me., 390 A.2d 472, 476 n. 5 (1978); Glassman, *Rules of Criminal Procedure with Commentaries* § 24.4 (1967).