**STATE of Maine**

v.

**Gordon SEARLES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 3, 1993.

Decided Dec. 20, 1993.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein, Asst. Dist. Atty., Bangor, for State.

Kevin L. Barron, Bar Harbor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Gordon Searles appeals from a judgment entered in the Superior Court (Penobscot County, *Brown, A.R.J.*) convicting him of escape from a minimum security correctional facility, 17–A M.R.S.A. § 755 (1983), on the ground that the court improperly granted the State's motion in limine to exclude evidence pertaining to the defense of duress. Because we conclude that the court did not err in granting the State's motion, we affirm the judgment.

In the summer and early fall of 1991, Gordon Searles was serving time at the Charleston Correctional Institute for habitually operating after suspension of his license. Searles had a few weeks left to serve on his sentence when, on October 6, he and fellow inmate Steven Wright escaped. When Searles and Wright were apprehended two days later, they stated that they had left the prison because they feared attack by other inmates. The State moved in limine to have any evidence relating to a defense of duress excluded. In its offer of proof, the defense outlined the evidence it would present to show that Searles had informed the prison authorities of the alleged threats and had "received no assistance and no remedy." The Superior Court (Penobscot County, *Kravchuk, J.*) granted the State's motion on the ground that a duress defense is unavailing in a situation where the imprisoned defendant could have brought his complaints in a legal proceeding. *See State v. Heald,* 443 A.2d 954 (Me.1982). After the bench trial, Searles was convicted and this appeal followed.

Searles argues that the evidence should have been admitted to prove the de-

fense of duress under 17–A M.R.S.A. § 103–A (1983).[1] This argument is unavailing for two reasons. First, Searles failed to prove the necessary elements for a duress defense, that is, that there was imminent threat of death or serious bodily injury, and that a reasonable person in his position would not have been able to resist the pressure to escape. *See State v. Glidden*, 487 A.2d 642, 645 (Me.1985). Second, a duress defense, just as a defense to escape pursuant to 17–A M.R.S.A. § 755(2),[2] depends on the defendant being able to show that there was no time or opportunity to solicit help from the authorities prior to committing the "necessary" crime. *See State v. Larrivee*, 479 A.2d 347, 350–51 (Me.1984); *State v. Dyer*, 371 A.2d 1086, 1090 (Me.1977). Because there was insufficient evidence in the record to demonstrate that Searles had no time or opportunity to solicit help from the authorities prior to his escape, the issue of duress was not generated. Self-help, that is, escape, is not an alternative remedy. *State v. Hannon*, 395 A.2d 118, 121 (Me.1978).

The entry is:

Judgment affirmed.

All concurring.

---

1.  The statute provides as follows:

    1. It is a defense that, when a defendant engages in conduct which would otherwise constitute a crime, he is compelled to do so by threat of imminent death or serious bodily injury to himself or another person or because he was compelled to do so by force.
    2. For purposes of this section, compulsion exists only if the force, threat or circumstances are such as would have prevented a reasonable

person in the defendant's situation from resisting the pressure.
17–A M.R.S.A. § 103–A (1983).

2.  "In the case of *escape from arrest,* it is a defense that the arresting officer acted unlawfully in making the arrest. *In all other cases, it is no defense that grounds existed for release from custody that could have been raised in a legal proceeding.*" 17–A M.R.S.A. § 755(2) (1983) (emphasis added).